■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. FREDERICK F. MCELROY, Appellant, v. DANIEL MCMANN, as Warden of Clinton Prison, Respondent.— MEMORANDUM BY THE COURT. Appeal by the relator from a judgment of the Supreme Court at Special Term, entered in Clinton County on August 16, 1967, which denied his application for a writ of habeas corpus without a hearing. The relator alleged in his application that the trial court had not submitted the issue of voluntariness of his confession to the jury. However, in *People* v. *McElroy* (26 A D 2d 598, 599) this court held that the issue of voluntariness had been submitted to the jury. At a subsequent hearing it was determined that the confession was voluntary (*People* v. *McElroy,* 34 A D 2d 850). Counsel raises a new procedural issue (not part of the petition) which should be decided. Point I states: "The post trial *Huntley* hearing deprived appellant of his opportunity to properly prepare for trial." In *People* v. *Huntley* (15 N Y 2d 72) it was determined that as to trials previously concluded (such as McElroy), a hearing would be necessary when the court charged as to the voluntariness of a confession and set forth various indices for holding such hearings, *inter alia,* that in cases already concluded, since the jury had already passed on the matter, there was no necessity to submit to the jury the question of voluntariness. In other words, it was a matter for the court to pass on. The purpose of a separate hearing on the issue of voluntariness of confession, whether before or after the completion of the trial, is to prevent inadmissible confessions from coming to the attention of a jury and the tactical advantage to defense counsel of such a preliminary hearing is merely an incidental and unavoidable incident to the hearing. Regardless of when the *Huntley* hearing is held, if the confession is found by the court not to be voluntary, the court will not receive it in evidence and if the hearing is held subsequent to the trial, such a hearing will result in excluding the confession upon a new trial. Inasmuch as the appellant has had numerous appeals before this court besides those already indicated, we would note for the record that the original appeal from the judgment of conviction was affirmed by this court (*People* v. *McElroy,* 8 A D 2d 546) and by the Court of Appeals (7 N Y 2d 1036). Judgment affirmed, without costs. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by the court.